# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 19-1342-DOC-DFM                    Date: November 13, 2019

Title: HEALTH NET LIFE INSURANCE CO. v. MORNINGSIDE RECOVERY, LLC ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS [20], AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [19]

    Before the Court is Plaintiff Health Net Life Insurance Company's ("Plaintiff") Motion to Remand and for Attorneys' Fees and Costs ("Motion") (Dkt. 20). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers submitted by the parties, the Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's request for attorneys' fees and costs. Accordingly, the Court also DENIES AS MOOT Defendants' Motion to Dismiss (Dkt. 19).

## I.     Background

### A.     Facts

The following facts are drawn from Plaintiff's Complaint (Dkt. 1-2). Between 2013 and 2015, Plaintiff's insurance payments to out-of-network substance abuse treatment providers jumped from $251,000 to $190,000,000. Compl. ¶ 4. This is a result, Plaintiff contends, of widespread insurance fraud conducted by said providers, facilitated by the lesser regulation to which substance abuse treatment facilities are subject. *Id.* ¶¶ 1, 3. The fraudulent scheme works as follows: First, third-party "body-brokers" identify potential patients—who are frequently homeless, unemployed, or experiencing financial hardship—and refer them, for a kickback, to substance abuse treatment facilities. *Id.* ¶ 6. Second, because these "purchased patients" tend to be uninsured and ineligible to apply for coverage in the commercial market, their treatment providers procure insurance coverage for them using false information. *Id.* Third, treatment providers encourage their newly-insured patients to receive services by paying their premiums, waiving cost-sharing obligations, providing free housing and transportation, and giving the patients gift cards. *Id.* These inducements effectively reduce the patients' costs to zero. *Id.*

Then, fourth, treatment providers overbill their patients' insurers for the services allegedly rendered, which, if rendered at all, may not have been medically necessary. *Id.* ¶ 7. This is exacerbated by the fact that out-of-network services are more costly than in-network options. *See id.* ¶ 22-23. Finally, when treatment providers can no longer bill a patient's insurer, they discharge the patient and stop paying the patient's premiums. *Id.* ¶ 7.

### B.     Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on June 17, 2019 (Dkt. 1-2). Plaintiff brings the following causes of action:

(1) common law fraud;

(2) intentional interference with contractual relations;

(3) violation of the Unfair Competition Law, California Business and Professional Code sections 17200 *et seq.*; and

(4) declaratory relief.

*See generally* Compl. Defendants removed the action to this Court on July 8, 2019 ("Notice of Removal") (Dkt. 1). Defendants filed a Motion to Dismiss (Dkt. 19) on July 20, 2019, and Plaintiff filed the instant Motion to Remand on July 22, 2019. Defendants filed their Opposition to the Motion (Dkt. 30) on September 16, 2019, and Plaintiff filed a Reply brief on October 4, 2019.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to arise under federal law, "a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004)). Additionally, when "an area of state law has been completely pre-empted" by federal law, a purported state law claim "is considered, from its inception, a federal claim, and therefore arises under federal law" within the meaning of § 1331. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1342-DOC-DFM
Date: November 13, 2019
Page 4

matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III. Discussion

Defendants removed this case because they contend that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and that federal question jurisdiction therefore obtains. Notice of Removal at 1. Importantly, Defendants believe that at least some of the insurance policies at issue in the Complaint are provided pursuant to employee welfare benefit plans and thus governed by ERISA. *Id.* at 1-2. Defendants also argue that the Court has supplemental jurisdiction over any non-ERISA policies at issue under 28 U.S.C. § 1367. *Id.* at 2. Plaintiff argues that remand is necessary because none of the insurance policies in the Complaint are employer plans regulated by ERISA; rather, Plaintiff brings its claims only with respect to individually procured policies. Mot. at 5.

The Court, on a careful reading of the Complaint, finds Plaintiff's analysis correct. The Complaint alleges, for example, that treatment providers "use false information to procure insurance coverage for these [purchased] patients," Compl. ¶ 6, and that "Morningside [et al.] . . . [f]raudulently procured Health Net coverage for ineligible individuals," *id.* ¶ 28, without reference to anything like an *employer*-sponsored health insurance plan. Rather, the Court's impression is that the Complaint details a scheme in which treatment providers helped purchased patients fraudulently obtain *individual* insurance policies. *See generally* Compl. As such, the case appears to deal only with non-ERISA plans and state law claims.

Because removal jurisdiction is strictly construed in favor of remand, and because the Court is unconvinced that federal jurisdiction obtains, the Court hereby REMANDS this action to the state court.

## IV. Costs and Fees

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this

determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

The Court declines to award attorneys' fees because it was not objectively unreasonable for Defendants to anticipate that ERISA-governed policies might be at issue in this action. While the Complaint does not refer to ERISA or to employee welfare benefit plans, the scope of its claims could be limited to non-ERISA insurance plans with far greater clarity.

Plaintiff also contends that it offered to amend the Complaint to specify that the action concerns only non-ERISA policies. Reply at 9. The Court does not find Defendants' refusal to stipulate objectively unreasonable (e.g., Defendants could have been wary of the prospect of parallel litigation—with an ERISA case in federal court and a non-ERISA case in state court—and found a combination of removal and supplemental jurisdiction the better procedural option). However, if Plaintiff, per its Reply, intends to bring only state law claims under non-ERISA plans, the Court advises the parties on remand to stipulate to an amendment clarifying that fact.

## V.     Disposition

For the reasons set forth above, the Court REMANDS this action to the Superior Court of California, County of Orange, and DENIES Plaintiff's request for attorneys' fees and costs. As the case is now remanded, the Court also DENIES AS MOOT Defendants' Motion to Dismiss.

The Clerk shall serve this minute order on the parties.